UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

UNITED STATE OF AMERICA,

                Plaintiff,                Case No. 98-80695

vs.                                        HON: Gerald E. Rosen

FAWZI MUSTAPHA ASSI,

                Defendant.

———————————————

ROBERT CARES (P28888)
ASST. U.S. ATTORNEY
Attorney for Plaintiff

DOUGLAS R. MULLKOFF (P33252)
Attorney for Defendant
402 West Liberty
Ann Arbor, Michigan 48103
(734) 761-8585

———————————————

### BRIEF IN SUPPORT OF MOTION TO SUPRESS EVIDENCE DERIVED FROM FISA WIRETAPS

### ARGUMENT

THE EVIDENCE DERIVED PURSUANT TO THE
FOREIGN INTELLIGENCE SURVEILLANCE ACT
(FISA) WIRETAP SHOULD BE SUPPRESSED

**1.    The FISA Evidence is Inadmissible if It Did Not Relate To Foreign Intelligence And Was Overly Expansive In Violation Of the Fourth Amendment**

FISA "created a secure framework by which the Executive Branch may conduct legitimate electronic surveillance for foreign intelligence purposes within the context of this nation's commitment to privacy and individual rights." United States v. Squillacot, 221 F.3d 542, 552 (4th Cir. 2000) (quotation omitted), cert. denied. 532 U.S. 971 (2001). If this framework was violated in several critical respects, the Government's electronic surveillance of Mr. Assi contravened

1

FISA and the Fourth Amendment and all evidence obtained or derived from the FISA surveillance of Assi must be suppressed.

> **a)  If the surveillance of Fawzi Assi was not conducted primarily for foreign intelligence reasons, it must be suppressed.**

Appellate Courts have held that warrantless electronic surveillance complies with the Fourth Amendment and FISA only when it is conducted "primarily for foreign intelligence reasons." United States v. Truong Dinh Hung, 629 F.2d 908, 915 (4th Cir. 1980) (Fourth Amendment); see United States v. Pelton, 835 F.2d 1067, 1075-76 (4th Cir. 1987). As the First Circuit has explained, "Although evidence obtained under FISA subsequently may be used in criminal prosecutions ... the investigation of criminal activity cannot be the primary purpose of the surveillance … The act is not to be used as an end-run around the Fourth Amendment's prohibition of warrantless searches." United States v. Johnson, 952 F.2d 565, 572 (1st Cir. 1992). Thus, "[i]f foreign intelligence collection is merely a purpose and not the primary purpose of a search, the [foreign intelligence] exception [to. the warrant requirement] does not apply." United States v. Bin Laden. 126 F. Supp.2d 264, 278 (S.D.N.Y. 2000).

Truong Dinh Hung illustrates the "primary purpose" principle. Although in that case the district court reasoned that at its outset in early 1977 the electronic surveillance at issue was undertaken "for the primary, or even sole, purpose of foreign intelligence gathering" (United States v. Humphrey. 456 F. Supp. 51, 58 (E.D. Va. 1978), it concluded that the primary purpose had shifted away from intelligence gathering by July 20, 1977, when the evidence showed that "the Justice Department [was] trying to put together a criminal case." Id. at 59. The court found it significant that "little, if anything, in the way of new foreign intelligence came to light after June [1977]" and, accordingly, suppressed all communications obtained through .the surveillance after July 20, 1977, and all fruits of that surveillance. Id. On appeal, the Fourth Circuit affirmed the

district court's ruling. Truong Dinh Hung, 629 F.2d at 916 ("On the facts of this case, the district court's finding that July 20 was the critical date when the investigation became primarily a criminal investigation was clearly correct.")

This Court must apply the "primary purpose" analysis to determine if Fawzi Assi's monitored communications and evidence derived from them should be suppressed. If the "primary purpose" of the surveillance had become an effort to put together a criminal case, the communications and any evidence derived from those communications must be suppressed.

    **b)**   **The FISA applications failed to establish probable cause that Assi was an "agent of a foreign power" or that the facilities and places at which surveillance is directed were being used or were about to be used by a "foreign power" or an "agent of a foreign power."**

The FISA applications[1] did not establish probable cause to believe that Mr. Assi was "an agent of a foreign power" or that "each of the facilities or places at which the electronic surveillance is directed is being used, or is about to be used, by a foreign power or an agent of a foreign power." 50 U.S.C. § 1805(a)(3)(A), (B). FISA defines "foreign power" to include, among other things, "a group engaged in international terrorism or activities in preparation therefore." Id. § 1801 (a)(4). An "agent of a foreign power" means, with respect to a "United States person" such as Assi, "any person who ... knowingly engages in ... international terrorism, or activities that are in preparation therefore or on behalf of a foreign power." Id. § 1801 (b)(2)(Q). In light of these definitions, the FISA applications did not establish probable cause, either to believe that Fawzi Assi was an agent of a foreign power or to believe that his telephones were "being used, or [were] about to be used by a foreign power or an agent of a foreign power." In particular, it is unlikely that the applications show probable cause to believe that Fawzi Assi "knowingly"

---

[1] The following argument is based upon information and belief as to the contents of the FISA applications, given the factual background of the case. The actual applications are, according to counsel for the Government, considered highly sensitive by the Government and defense counsel has not been allowed to view them.

3

engaged either in "international terrorism" or in "activities that are in preparation therefore."

Moreover, FISA provides that "no United States person may be considered a foreign power or an agent of a foreign power solely upon the basis of activities protected by the First Amendment to the Constitution of the United States." 50 *V.S.C.* § 1805(a)(3)(A). See, e.g., Buckley v. Valeo, 424 U.S. 1, 14-23 (1976) (restrictions on political contributions and expenditures implicate core First Amendment values of political speech and political association); Brandenburg v. Ohio, 395 *V.S.* 444, 447 (1969) (advocacy may be punished only when it is "directed to inciting or producing imminent lawless action and is likely to incite or produce such action")

### c) The certifications in the FISA Applications that the information sought is "foreign intelligence information" were clearly erroneous.

FISA applications require "the certifying official deems the information sought to be foreign intelligence information." 50 *V.S.C.* § 1804(a)(7)(A). Before approving an application, the FISA court must find that this certification is not "clearly erroneous." Id. § 1805(a)(5). Because the certifications here do not meet the "clearly erroneous" standard, this Court should suppress wiretapped communications and evidence derived therefrom.

FISA defines "foreign intelligence information" as:

(1)  information that relates to, and if concerning a United States person is necessary to, the ability of the United States to protect against

    (A)  actual or potential attack or other grave hostile acts of a foreign power or an agent of a foreign power;

    (B)  sabotage or international terrorism by a foreign power or an agent of a foreign power;

    (C) clandestine intelligence activities by an intelligence service or network of a foreign power or by an agent of a foreign power; or

(2)  information with respect to a foreign power that relates to, and if concerning a United States person is necessary to-

4

        (A) the national defense or the security of the United States; or

        (B) the conduct of the foreign affairs of the United States.

Id. at § 1801 (e).

The Court must review for clear error the determination that the FISA applications certified that the information sought from Fawzi Assi "is necessary to ... the ability of the United States to protect against" the harms described in Section 1801(e)(I), or "is necessary to" the interests specified in Section 180 1 (e)(2). Id. (emphasis added).

The Government points to no evidence that information in Fawzi Assi's possession or about which he spoke on the telephone is "necessary to the ability of the United States to protect against. . . ." Id. § 1805(e)(1)(B) nor any information in Assi's possession or about which he spoke on the telephone is "necessary to" the "national defense or security of the United States" or to "the conduct of the foreign affairs of the United States." Id. § 1805(e)(2). And even if a certifying official could have held such a belief initially, the nature of the intercepted communications should have swiftly dispelled it. Nothing in Fawzi Assi's monitored communications could be considered "foreign intelligence information" as defined in Section 180 1 (e).

WHEREFORE, based upon the foregoing, Defendant requests that this Honorable Court suppress all evidence derived from the FISA wiretaps.

                                              Respectfully submitted,

Dated: 1/27/2005

                                              /S/ Douglas R. Mullkoff (P33252)
                                              Attorney for Defendant
                                              402 West Liberty
                                              Ann Arbor, Michigan 48103
                                              (734)761-8585
                                              Doug@kmhlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATE OF AMERICA,

        Plaintiff,          Case No. 98-80695

vs.          HON: Gerald E. Rosen

FAWZI MUSTAPHA ASSI,

        Defendant.

---

ROBERT CARES (P28888)
ASST. U.S. ATTORNEY
Attorney for Plaintiff

DOUGLAS R. MULLKOFF (P33252)
Attorney for Defendant
402 West Liberty
Ann Arbor, Michigan 48103
(734) 761-8585

---

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN    )
        ) ss:
COUNTY OF WASHTENAW    )

    I hereby certify that on the 27th day of January, 2005, I electronically filed the attached document with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert Cares at the U.S. Attorneys Office.

        /S/ Douglas R. Mullkoff (P33252)
        Attorney for Defendant
        402 West Liberty
        Ann Arbor, Michigan 48103
        (734)761-8585
        doug@kmhlaw.com