

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 98-80695 |
| Plaintiff, | HON: GERALD ROSEN |
| -vs- | OFFENSE: Material Support to Designated Terrorist Organization, 18 U.S.C. § 2339B(a)(1); |
| **FAWZI MUSTAPHA ASSI**, | STATUTORY MAXIMUM PENALTIES: Material Support: Maximum term of imprisonment of 10 years and/or fine of $250,000; |
| Defendant. | |
| _____/ | FILED NOV 29 2007 CLERK'S OFFICE DETROIT |

### RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant FAWZI ASSI and the government agree as follows:

1. **GUILTY PLEAS**

   A. **Counts of Conviction**

   Defendant will enter a plea of guilty to **Count One.** Count One charges defendant with Attempting to Provide Material Support to a Designated Terrorist Organization, for which the maximum penalty is 10 years and/or fine of $250,000.

   B. **Elements of Offenses**

   The elements of Count One are:

   (1) Defendant knowingly attempted to provide material support or resources;

   (2) To Hizballah, a designated foreign terrorist organization, and;

    (3)    At the time, defendant knew that Hizballah was a designated foreign terrorist organization or that Hizballah has engaged in terrorist activity.

### C. Factual Basis for Guilty Pleas

The following facts are a sufficient and accurate basis for defendant's guilty pleas:

On July 13, 1998, defendant boarded an airplane at Detroit Metro Airport on an international flight for Lebanon. At the time he had in his possession two Boeing global positioning satellite modules. He also had night vision goggles and a thermal imaging camera in his luggage. Defendant was attempting to deliver these items to a person in Lebanon. Defendant knew that the person to whom he was delivering the equipment was purchasing the equipment for Hizballah, which was, at the time, a designated foreign terrorist organization. He knew that what he was doing was illegal. At the time defendant attempted to deliver the items, he knew that Hizballah was a designated foreign terrorist organization.

## 2. SENTENCING GUIDELINES

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Guideline Range

The parties agree that the guideline range should be based on the attached worksheets except for **U.S.S.G. 3A1.4** (the terrorism guideline), which is in dispute and which the Court will determine after the parties present evidence to the Court on the applicability of the disputed guideline.

The government recommends that the Court apply U.S.S.G. § 3A1.4 and determine that defendant's guideline range is 235-293 months, as set forth on the attached worksheets. Because the agreement calls for a plea to Count One, there is a statutory limit of 120 months to the sentence. Defendant recommends that the Court determine that his guideline range is 37-46 months, as set forth on the attached worksheet addendum, without the inclusion of §3A1.4. The Court is not bound by either party's recommendation concerning the guideline range, and defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow his recommendation.

If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than is recommended by the parties, then the higher guideline range becomes each party's recommended range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in either party's recommended

range. Neither party may take a position in this Court contrary to any position of that party reflected on the worksheets or worksheet addendum, except as necessary to the Court's determination regarding subsections a) and b), above.

3. **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

    A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed 120 months.

    B. **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release of no less than two years but no more than three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

    C. **Special Assessment**

Defendant will pay a special assessment of $200 and must provide the government with a receipt for the payment before sentence is imposed.

    D. **Fine**

The Court may impose a fine in any amount up to $250,000.

  **E.** **Restitution**

Restitution is not applicable to this case.

**4.** **USE OF WITHDRAWN GUILTY PLEA**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

**5.** **OTHER CHARGES**

If the Court accepts this agreement, the government will dismiss counts two, three and four of the indictment. In addition, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

**6.** **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by the attached guideline worksheets, other than U.S.S.G. §3A1.4.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court, after a sentencing hearing, determines that 3A1.4 does not apply and that the range for the guidelines (without the application of 3A1.4) exceeds those agreed upon in the attached sentencing guidelines.

7. **RIGHT TO APPEAL**

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence. If the sentence imposed is within the guideline range determined by the attached worksheets (other than the determination of § 3A1.4) the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

8. **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEAS OR VACATION OF CONVICTIONS**

If defendant is allowed to withdraw his guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty pleas becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the

complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement. This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11. **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, by the government no later than November 29, 2007. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

STEPHEN J. MURPHY
*United States Attorney*

ERIC STRAUS
*Assistant United States Attorney*
*Chief, Counter Terrorism Unit*

ROBERT CARES
*Assistant United States Attorney*

Date: 11.29.07

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____          _____
JAMES THOMAS                                              FAWZI ASSI
Attorney for Defendant                                    Defendant

Date: 11/29/07