**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

                                    Case No. 98-80695
v.                                    Hon. Gerald E. Rosen

FAWZI MUSTAPHA ASSI,

      Defendant.

_____/

**ORDER REGARDING DEFENDANT'S**
**MOTION FOR RULING ON SUPPLEMENT IN SUPPORT**
**OF ORAL MOTION REGARDING TERRORISM ENHANCEMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     April 3, 2008

      PRESENT:  Honorable Gerald E. Rosen
                    United States District Judge

In an order dated January 5, 2007, the Court denied an oral and letter motion

brought by Defendant on his own behalf regarding a sentencing enhancement that the

Government intends to pursue in this case —namely, the enhancement set forth at §

3A1.4 of the U.S. Sentencing Guidelines for felony offenses "that involved, or w[ere]

intended to promote, a federal crime of terrorism."  U.S.SG. § 3A1.4(a).  Through this

motion, Defendant had argued that the conditions triggering this enhancement should be

treated as elements of the offense charged in count one of the indictment, such that the

application of the § 3A1.4 enhancement would have to be decided by a jury beyond a

reasonable doubt, rather than determined by the Court at sentencing under a preponderance of the evidence.

Despite the Court's denial of this motion, Defendant filed a "supplement" to his motion on May 10, 2007, advancing additional reasons why, in his view, the § 3A1.4 enhancement should be considered an element of the offense charged in count one of the indictment — *i.e.,* providing material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1).  Through the present motion, which he filed on his own behalf on March 21, 2008, Defendant seeks a ruling on the additional issues raised in this "supplement."  Although the motion cut-off date had passed by the time Defendant filed his "supplement," (see 10/17/2006 Order (extending the motion cut-off date to November 15, 2006)), and although Defendant has repeatedly been cautioned against filing papers on his own behalf rather than through his attorney — an admonition which he disregarded both in filing his "supplement" and in bringing the present motion — the Court briefly addresses below the issues raised in Defendant's "supplement," in the hope that this matter may now be put to rest.[1]

As noted, the § 3A1.4 enhancement is triggered if a defendant is convicted of a felony offense "that involved, or was intended to promote, a federal crime of terrorism." U.S.S.G. § 3A1.4(a).  Application Note 1 to this guideline explains that "[f]or purposes

---

[1]In light of the Court's election to address these issues, it need not decide whether, as Defendant argues in his present motion, the Court is **compelled** to rule on these issues in order to avoid a violation of Defendant's Sixth Amendment right to represent himself.

of this guideline, 'federal crime of terrorism' has the meaning given that term in 18

U.S.C. § 2332b(g)(5)." U.S.S.G. § 3A1.4, cmt. n.1. This statutory provision, in turn,

defines a "[f]ederal crime of terrorism" as an offense that "is calculated to influence or

affect the conduct of government by intimidation or coercion, or to retaliate against

government conduct," and that violates one of several enumerated statutes. 18 U.S.C. §

2332b(g)(5). Because the indictment in this case charges Defendant with violating one of

these enumerated statutes, 18 U.S.C. § 2339B,[2] the application of the § 3A1.4

enhancement here will turn upon whether the first prong of the "federal crime of

terrorism" definition is satisfied — *i.e.,* whether the conduct through which Defendant

allegedly violated § 2339B was "calculated to influence or affect the conduct of

government by intimidation or coercion, or to retaliate against government conduct." 18

U.S.C. § 2332b(g)(5)(A).[3]

Against this backdrop, the Court turns to the argument advanced in Defendant's

motion and "supplement." This argument begins with, and depends upon, the

---

[2]The Court notes that Defendant has entered a plea of guilty to this charge, and that the Court has accepted this plea but taken the plea agreement under advisement.

[3]It is worth noting that the § 3A1.4 enhancement applies if the offense of conviction "involved" or "was intended to promote" a federal crime of terrorism. U.S.S.G. § 3A1.4(a). As the Sixth Circuit has observed, this means that a "defendant need not have been convicted of a federal crime of terrorism as defined in 18 U.S.C. § 2332b(g)(5) for the district court to find that he intended his substantive offense of conviction or his relevant conduct to promote such a terrorism crime." United States v. Graham, 275 F.3d 490, 517 (6th Cir. 2001) (footnote omitted). Nonetheless, the requisite inquiry is more streamlined in this case, in light of the fact that Defendant has been expressly charged with an offense that is among those enumerated in 18 U.S.C. § 2332b(g)(5)(B) as eligible for treatment as "federal crimes of terrorism."

proposition that by seeking the § 3A1.4 enhancement, the Government has effectively charged Defendant with a substantive offense different from the § 2339B(a)(1) violation charged in the indictment. This different offense, in Defendant's view, has an additional element that need not be established in the case of an ordinary § 2339B offense — namely, that the offense was "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct," thereby qualifying it as a "federal crime of terrorism" under 18 U.S.C. § 2332b(g)(5).

There is a fundamental flaw in this proposition, however. Quite simply, there is ***nothing whatsoever*** in the statute that Defendant is charged with violating, § 2339B, that requires that he must have sought to "influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." This serves to distinguish this case from the ones relied upon by Defendant, see, e.g., Castillo v. United States, 530 U.S. 120, 120 S. Ct. 2090 (2000); United States v. Rebmann, 226 F.3d 521 (6th Cir. 2000), overruled on other grounds, United States v. Leachman, 309 F.3d 377 (6th Cir. 2002), in which the courts sought to determine whether the language ***within a statute*** was meant to create separate crimes with separate elements or a single crime with additional factors to be considered at sentencing. Here, Defendant cannot point to any language within § 2339B that could give rise to the additional "offense" he posits. Rather, the additional "element" of this claimed offense derives from § 3A1.4 of the Sentencing Guidelines — a source where, needless to say, one expects to find sentencing

factors, and not elements of substantive offenses.[4]

Alternatively, Defendant suggests that § 2339B must be construed as including

this claimed "element," in light of Congress's more recent enactment of a statute, §

2339C, that covers some of the same ground as § 2339B, but that expressly includes

something akin to this element. Absent a "harmonizing" construction of the two statutes,

Defendant posits that the Government could "circumvent" § 2339C by charging under §

2339B, thereby avoiding the additional element found in the former statute. As a matter

of statutory construction, however, Congress's deliberate *inclusion* of a provision in one

---

[4]And, of course, the decision in <u>Graham</u> confirms that one need not actually be charged with or convicted of a "federal crime of terrorism" as referenced in § 3A1.4 in order to be subject to this enhancement. It would be all the more strange, then, if this enhancement were construed as dictating that the two prongs of the statutory definition of a "federal crime of terrorism" must be grafted as additional elements onto any underlying offense that might be claimed to have triggered the enhancement.

The Court acknowledges that § 3A1.4 perhaps engenders some confusion with its reference to a "crime" as bearing upon the application of the enhancement, and its incorporation by reference of a statute defining the "elements" of this "crime." This presumably accounts for Defendant's view that the "elements" of this "crime" must be established in accordance with the usual constitutional standard — determination by a jury beyond a reasonable doubt — in order to apply the enhancement. Yet, this places undue significance on the guideline's use of the word "crime." Certainly, § 3A1.4 is not alone in referencing conduct which could, under the proper circumstances, be charged as a separate crime. <u>See</u>, <u>e.g.</u>, U.S.S.G. § 2D1.1(b) (mandating a two-level enhancement for possession of a weapon in connection with a drug offense). Nonetheless, the law is clear that the Government need not "prove" such a crime beyond a reasonable doubt in order to trigger the enhancement. <u>See</u>, <u>e.g.</u>, <u>United States v. Watts</u>, 519 U.S. 148, 157, 117 S. Ct. 633, 638 (1997) (holding that conduct underlying an acquitted charge may provide the basis for a sentencing enhancement); <u>United States v. Brika</u>, 487 F.3d 450, 458-59 (6th Cir. 2007) (affirming a district court's "consideration at sentencing of conduct on which a jury could not agree"). And, again, <u>Graham</u> holds that a defendant need not be convicted of the "crime" referenced in § 3A1.4 in order to apply this enhancement. Properly understood, then, this guideline's reference to a "crime" does nothing more than describe the necessary characteristics of conduct that warrants an enhancement.

statute ordinarily would suggest that its *exclusion* of this provision from another statute

also was deliberate. Plainly, Congress knew how to establish a crime with this element,

because it did so in § 2339C. In any event, even assuming that § 2339B and § 2339C are

entirely co-extensive but for the one element under consideration here — a question the

Court need not resolve — the statutory maximum penalty under § 2339C is 20 years, <u>see</u>

18 U.S.C. § 2339C(d)(1), while the maximum under § 2339B is 15 years, <u>see</u> 18 U.S.C. §

2339B(a)(1). This is entirely consistent with, and not contrary to, a legislative

determination to include an additional element in § 2339C that is not found in § 2339B.

Accordingly, Defendant has failed to persuade the Court that the conditions

necessary to trigger the § 3A1.4 enhancement should be treated as elements of the §

2339B offense with which he is charged in count one of the indictment. Rather, the

Court remains of the view that the application of this enhancement turns upon factors that

are properly the subject of judicial factfinding at sentencing. It is clear, moreover, that

the Supreme Court's recent decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct.

738 (2005), "did not eliminate judicial fact-finding." <u>United States v. Stone</u>, 432 F.3d

651, 654-55 (6th Cir. 2005). Instead, the Court remains free to determine the facts

bearing upon the application of § 3A1.4 and any other pertinent guidelines under a

preponderance of the evidence, so long as it "appreciates that the guidelines are advisory,

not binding," <u>United States v. Mickens</u>, 453 F.3d 668, 673 (6th Cir. 2006), and so long as

Defendant's sentence does not exceed the ten-year maximum set forth in the version of §

2339B that applies here.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's March 21, 2008 motion for ruling is GRANTED IN PART, to the extent that it seeks a ruling on the issues raised in Defendant's May 10, 2007 submission.  IT IS FURTHER ORDERED that Defendant's May 10, 2007 "supplement" is treated as a separate motion, and that this motion, in turn, is DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  April 3, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 3, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager