UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA

                    Government.

        v.                          Case No. 98-80695


FAWZI MUSTAPHA ASSI,

                    Defendant.

_____/


SENTENCE HEARING

BEFORE THE HONORABLE GERALD E. ROSEN
United States District Judge
733 US Courthouse & Federal Building
231 Lafayette Boulevard West
Detroit, Michigan
Friday, December 12, 2008


APPEARANCES:

        ROBERT CARES
        Assistant United States Attorney
        211 West Fort Street
        Detroit, MI 48226
        On behalf of the Government.

        JAMES C. THOMAS
        535 Griswold Street
        Detroit, MI 48226
        On behalf of the Defendant.
                        -   -   -

To Obtain a certified transcript:
Carol S. Sapala, RMR-FCRR
313.961.7552

Usa v Assi 98-80695

C O N T E N T S

_____

IDENTIFICATION                          PAGE


Sentence Hearing                         4



Certificate of Court Reporter            56

Usa v Assi 98-80695

E X H I B I T S

_____

None  Marked

Usa v Assi 98-80695

Sentence Hearing

1          Detroit, Michigan

2          Friday, December 12, 2008

3          12:15 p.m.

4          THE COURTROOM DEPUTY:  Case number

5    98-80695, USA versus Fawzi Assi.

6          THE COURT:  Appearances, please.

7          MR. CARES:  Robert Cares representing the

8    United States.

9          MR. THOMAS:  Your Honor, my name is James

10   Thomas.  I'm appearing on behalf of Mr. Assi.

11         THE COURT:  All right.

12         Mr. Thomas, Mr. Cares, could you approach

13   the podium, please.

14         Mr. Thomas, I know you have reviewed the

15   Presentence Report and you have filed with the court

16   in response to the Presentence Report a number of

17   objections drafted by your client that you filed for

18   your client.

19         MR. THOMAS:  I have.

20         THE COURT:  Do you wish to address any of

21   those objections here?

22         MR. THOMAS:  Mr. Assi and I had an

23   opportunity to talk beforehand.

24         He's indicated he wishes to argue some

25   portion of those objections, that I would argue the

Usa v Assi 98-80695

Sentence Hearing

1    others.

2              And then, of course, he's going to have

3    his right to allocute.

4              I would like to clear up whatever those

5    objections are that we -- that he has.  And then to

6    the extent he has to or feels he has to supplement,

7    I'll ask him to ask the Court for permission to do

8    that.

9              The Court is aware he's filed a motion to

10   represent himself on certain issues in the

11   sentencing.  He's taking the position now that I

12   should do some, he should do others.

13             I certainly will agree to do whatever it

14   is that he wants and subject to your direction.

15             THE COURT:  That's fine.

16             As I indicated to counsel when I met

17   briefly with counsel before we went on the record, I

18   I intend to give Mr. Assi an opportunity to address

19   some of these issues on his own.

20             And then I'll give him an opportunity to

21   address allocution separate and aside from these

22   issues, but the opportunities are going to be brief.

23             This is, perhaps with one exception, the

24   most intensively litigated case that this Court has

25   had in 19 years on the bench.

Sentence Hearing

1          It has been litigated vigorously by the

2    government.  It has been defended vigorously by both

3    Mr. Thomas on behalf of Mr. Assi and by Mr. Assi

4    himself in what I can only characterize as extensive

5    pleadings, motions, letters and all manner of other

6    items that the Court has received directly from Mr.

7    Assi in which it has told Mr. Assi on numerous

8    occasions it would send back to his lawyer.

9          So I believe that I have a full

10   appreciation of all of the issues in the case.

11          In addition to that, I have rendered a

12   number of decisions in this case concerning all of

13   the legal issues in the case and have addressed

14   fully those legal issues.

15          So with respect to any legal issues

16   concerning the constitutionality, for example, just

17   for example, the constitutionality of the material

18   support statute, the constitutionality of the

19   guideline enhancement under 3A1.4, the applicability

20   of the enhancement to the allegations against Mr.

21   Assi and any number of other legal issues, this

22   Court has already opined on them and I don't believe

23   it is appropriate at sentencing for the Court to

24   hear legal argument on those issues.

25

Sentence Hearing

1        So I intend to give Mr. Assi an

2   opportunity to address objections to the Presentence

3   Report, but I'm advising both Mr. Thomas and Mr.

4   Assi that where those objections seem simply an

5   attempt to relitigate issues that have already been

6   decided by the Court, I'm not going to hear them.

7        All right, Mr. Thomas?

8        MR. THOMAS:  Judge, we have litigated the

9   issue regarding the terrorism enhancement.  The

10   Court has issued an opinion as a result of the

11   numerous hearings we had.

12        We had a Rule 11 Plea Agreement which we

13   had the opportunity to discuss when we approached

14   the bench just before the defendant was brought in.

15        And it's my position that Defendant Assi's

16   Supplemental Sentencing Memorandum which is dated

17   July 15 2008, is filed.

18        And that to the extent that it does --

19        THE COURT:  I should also add one other

20   thing.  I'm sorry to interrupt you.

21        I should also add that the Supplemental

22   Sentencing Memorandum included a number of letters

23   on behalf of Mr. Assi which I have read.

24        MR. THOMAS:  Right.

25

Sentence Hearing

1          THE COURT:  And --

2          MR. THOMAS:  But this one in particular is

3    the one that really addresses the issue relating to

4    terrorism enhancement, the Rule 11 Plea Agreement,

5    while, when we did plead and there was a discussion

6    on the record, we looked at the transcript at the

7    bench.

8          And it's my opinion that the defendant

9    does have at least a right to appeal the issues

10   relating to the terrorism enhancement and the

11   Court's ruling on that.

12         So to the extent that this July 15th

13   pleading attempts to supplement the record, I'm not

14   going to argue any further relating to that.

15         All right.  That's in the record.  He has

16   his right to appeal and on that -- only that very

17   discrete issue and that's where I'm going to leave

18   it.

19         He did ask for self representation related

20   to that.  But to the extent he is re-litigating the

21   issue, I heard what the Court said.  I'm not going

22   to add anything further.

23         THE COURT:  Let me just indicate I was

24   going to put this on the record at a later date,

25   later time in this proceedings, but since you've

Sentence Hearing

1   raise it, Mr. Thomas.

2            The Court reviewed -- before coming out on

3   the bench, the Court reviewed the plea agreement and

4   it looked to the Court as if Mr. Assi had, in fact,

5   waived under the strict language of the plea

6   agreement, it looked to the Court as if Mr. Assi

7   waived his right to appeal any decision of the

8   Court, including the applicability of the terrorism

9   enhancement.

10           However, the Court then reviewed the

11  transcript from the plea proceeding and saw that the

12  Court explicitly visited with counsel on the issue

13  of the scope of the waiver of appeal.

14           And it was made clear on the record by

15  both Mr. Thomas and by Mr. Cares, that although Mr.

16  Assi was waiving his rights as to every other issue

17  and every other decision made by this Court, his

18  rights of appeal, he was not, however, waiving his

19  rights of appeal as to the Court's determination on

20  the applicability of guideline 3A1.4, the so-called

21  terrorism enhancement.  I've confirmed that.

22           And when I complete the sentence and

23  advise Mr. Assi of his appellate rights, I will

24  again advise him of exactly that, that he has waived

25  all rights of appeal as to his conviction or his

Usa v Assi 98-80695

Sentence Hearing

1  sentence, other than his right to appeal the Court's

2  determination of the applicability of terrorism

3  enhancement guideline.

4         I'd ask counsel, now, to acknowledge that

5  that is their understanding and a correct

6  interpretation of the plea agreement between the

7  parties, even though the plea, itself, may not

8  strictly reflect that.

9         Is that right, Mr. Cares?

10         MR. CARES:  That is right, Your Honor.

11         MR. THOMAS:  Yes, Judge.

12         THE COURT:  I understand how it may have

13  happened.  The Court should add this plea was long

14  in coming.  It went through many iterations as was

15  explained to the Court.

16         And I think that perhaps initially it was

17  the government's position that Mr. Assi be required

18  to waive any and all rights of appeal, including the

19  terrorism enhancement, the applicability of

20  terrorism enhancement.

21         But by the time we got to -- by the time

22  we got to the plea, it was made clear on the record

23  that Mr. Assi has preserved his right to appeal the

24  Court's ruling on that issue.

25

Sentence Hearing

1          Is that an accurate recitation?

2          MR. CARES:  That's correct, Your Honor.

3          THE COURT:  Is that what happened here,

4  Mr. Thomas?

5          MR. THOMAS:  It is, judge.

6          We've also filed -- I have filed on his

7  behalf, a second Sentencing Supplemental Memorandum

8  which I gave to Mr. Cares and to Probation and that

9  consisted of a series of letters.

10          As I understand, we've agreed to a ten

11  year cap as relates to this particular charge.

12          Interestingly, the statute was changed to

13  allow for a 15 year sentence; that would have been

14  an *ex post facto* issue, so the cap was at ten years.

15          Now pursuant *to Booker and Fan-Fan* and the

16  cases that have evolved since then, *United States*

17  *versus Gall* and the Sixth Circuit cases after that,

18  it's my position that the Court has the ability to

19  take these letters into consideration, look at the

20  advisory guidelines as they are now advisory and

21  make a determination of what the sentence will be.

22          I may be getting ahead of myself.  And the

23  reason why I'm doing that, when I spoke to Mr. Assi

24  today, he said to me that there were certain things

25  in his Presentence Report that he wanted to object

Sentence Hearing

1   to.

2         We went over these and I just want to make

3   a record as relates to it because I don't believe

4   that these are, in my experience, the types of

5   things that the Court would take into consideration

6   at sentencing in any event.

7         Presentence Report has in it a recitation

8   of the facts, that's usually the government's

9   version.  And those facts are -- in most cases,

10   they're disputed.  But he wants me to raise these.

11   And, for the record, I'd like to do that.

12         THE COURT:  Before do you, I think it's

13   important as well by way of context here so we have

14   a record for appeal as to the terrorism enhancement,

15   what underlay I think is a big part of the agreement

16   between the parties.  We went through some of this

17   during the plea hearing.

18         Mr. Assi potentially was facing a

19   substantial amount of time, probably 25 -- up to 25

20   years if he had been convicted arising out of the

21   nature of the charges, arising out of the factual

22   predicate to the charges, arising out of the fact

23   that he absconded for approximately six years and

24   arising out of the potential sentences, both

25   guideline and statutory sentences that the Court

Sentence Hearing

1   could have imposed.

2          By arriving at the plea agreement, the

3   defendant exceeded in capping his exposure at ten

4   years, even in the event that the Court were to

5   apply the terrorism enhancement, which it now has

6   done.  That was after the plea agreement.  So I

7   think that that's an important factual context to

8   put on the record.

9          MR. THOMAS:  It is.

10         And so towards that end in the Presentence

11  Report paragraph 16, they're references to his role

12  as a procurement agent to Hizballah.

13         It was the defendant's position both at

14  the evidentiary hearing and afterwards, that he

15  never used the term "Hizballah" and certainly he was

16  not a procuring agent for Hizballah, but it was, in

17  his terms, The Resistance.

18         In paragraph 17, that he did not advise

19  the officers about the fact that there were these

20  modules that were in his suitcase.

21         THE COURT:  I think actually the

22  procurement agent comment in the record is actually

23  at paragraph 17.

24         MR. THOMAS:  Paragraph 17.  So I'm not

25  looking at the Rule 11 Plea Agreement, but I am

Sentence Hearing

1   quoting that.

2          THE COURT:  Are you talking about the Rule

3   11?

4          MR. THOMAS:  Of the Presentence Report.

5          THE COURT:  Paragraph 17.

6          MR. THOMAS:  So paragraph 17 there is a

7   dispute as to the facts that are recited not only as

8   relates to procurement agent for the term Hizballah,

9   but also as relates to his advising the officer that

10  the modules were in his luggage.  They were found in

11  his luggage.

12         Paragraph 19, that most of the items that

13  were found in the boxes were aircraft design books.

14         The Presentence Report goes to great

15  degree in describing the items which were relevant

16  to the investigation.

17         But the defendant, it's obvious from the

18  investigation, and from my contact --

19         THE COURT:  Are you talking now about the

20  literature that was found in the trash bins?

21         MR. THOMAS:  That's correct, in the boxes.

22         THE COURT:  That's actually paragraph 20.

23         MR. THOMAS:  Judge, I should go to the

24  Presentence Report.

25

Usa v Assi 98-80695

Sentence Hearing

1          THE COURT:  I think, just so that we're

2     clear on that.

3          MR. THOMAS:  I think what's going on is

4     that there were different versions of the

5     Presentence Report, so his quote was from possibly

6     what was the original one.

7          THE COURT:  I think the substance is the

8     same.

9          MR. THOMAS:  So to the extent that it does

10    not describe his intellectual capabilities and

11    intellectual curiosity to things that are

12    legitimate, it was felt that the Presentence Report

13    was not as explicit as it could have been.  And so

14    he objects to that.

15         THE COURT:  Okay.

16         MR. THOMAS:  There was another paragraph

17    which I'm not going to number now for fearing having

18    been corrected a third time, where other persons

19    were suspected of being in charge of developing the

20    UAV.

21         THE COURT:  Yes.

22         MR. THOMAS:  References made again in

23    another paragraph relating to a hospital report.

24         THE COURT:  Yes.

25         MR. THOMAS:  And the fact that there was

Sentence Hearing

1   an investigation as to whether or not the defendant

2   was deportable.

3                   These paragraphs are objected to, although

4   I don't think that they are dispositive as the

5   Court's decision as relates to sentencing.

6                   THE COURT:  Not only are they not

7   dispositive, they don't enter into the Court's

8   consideration for sentencing, they don't affect the

9   guidelines, they really don't affect the statutory

10  penalty at all.

11                  MR. THOMAS:  And the Court -- these are

12  not the issues that the Court's focusing on for

13  sentencing.  I understand that.

14                  The other two issues that he wishes to

15  raise is that he owned his residence.

16                  And that, apparently, there was a

17  misspelling of his --

18                  THE COURT:  Could I ask?

19                  MR. THOMAS:  If I could just continue.

20                  THE COURT:  Which part of the --

21                  MR. THOMAS:  He's referring to paragraph

22  53.  There's a reference to the fact that his

23  residence is rented.  It could be a different

24  paragraph now.

25                  But the last objection he has --

Sentence Hearing

1           THE COURT:  I see.

2           MR. THOMAS:  -- when they were looking for

3    him at Ford Motor Company, they apparently used the

4    wrong spelling of his last name.

5           He obviously does have confirmed in the

6    Presentence Report that he has a long history with

7    Ford Motor Company.

8           THE COURT:  Yes.

9           MR. THOMAS:  And so as it relates to that,

10   those objections, those are the ones he's asked that

11   I raise.

12          Except for -- to the extent he wants to

13   relitigate the issue regarding the terrorism

14   enhancement now and I say that I think that based on

15   what we've had before and what he has filed since

16   and what the Court has now ruled on, there is a very

17   adequate record for the appeal on that issue.

18          THE COURT:  Thank you.

19          Mr. Assi, do you wish to briefly address

20   any of the issues that you raised with the filings

21   that Mr. Thomas has made for you?

22          Did you wish address any of those issues

23   concerning the Presentence Report?

24          He can address the Court from right there.

25   That's fine.

Usa v Assi 98-80695

Sentence Hearing

1        THE DEFENDANT:  Can I have my notes?

2        Good afternoon.

3        THE COURT:  Good afternoon, Mr. Assi.

4        THE DEFENDANT:  Last time I made comment

5   what I said -- I was asked specifically during the

6   plea hearing if I knew what I was doing was illegal.

7   I said no.  And the correct answer is supposed to be

8   I said wrong.  And I meant by wrong, politically, I

9   didn't really know what I was doing was illegal and

10  there was no way of me knowing what I was doing was

11  illegal.

12       There was a comment that was made during

13  the last hearing, enhancement hearing on June 23rd,

14  and was mentioned in your -- in the Court's opinion

15  on the enhancement that was filed on 10-17-2008,

16  that the defendant Hassan, because of his status in

17  Hizballah, which it doesn't -- really is not true in

18  any way because all I meant to support is the

19  resistance in Lebanon.  And Hassan happened to be in

20  Hizballah.

21       And why should I respect Hassan for his

22  status in Hizballah if I am not a member of

23  Hizballah in any way, never been.  And I'm not.

24       And I was held to Hassan.  He owed me some

25  respect.  I didn't owe him any respect.

Sentence Hearing

1          THE COURT:  But --

2          THE DEFENDANT:  You're trying to connect

3    me to Hizballah.  Maybe they misinterpreted

4    something I said, but there's no connection

5    whatsoever that I really supported Hassan for his

6    position in Hizballah.

7          THE COURT:  I think you indicated, though,

8    at your plea, you were attempting to help what you

9    characterized as The Resistance.

10         THE DEFENDANT:  Yes.  That's true.  True.

11         I would like to really define Resistance,

12   because it appears to be there's a misunderstanding

13   of exactly what this word means.

14         Because I did mention this word in my

15   letter, my correspondence and my one of my motions.

16         And I was, for some reason, I mean the

17   word "Resistance" by definition means --

18         MR. THOMAS:  Before we go into that,

19   judge --

20         THE COURT:  Please.

21         MR. THOMAS:  -- can I have one moment?

22         (A discussion was held off the record)

23         THE COURT:  I just --

24         THE DEFENDANT:  Basically what I said,

25   what I said and what I mentioned was exactly the

Sentence Hearing

1    word that was defined in the dictionary.  So it

2    wasn't anything different then what the word

3    "Resistance" means.

4            If I said I supported Resistance and

5    Resistance is meant what it meant.

6            So now if I use the correct definition of

7    the word, then I'll be reprimanded for it.

8            I was just kind of not sure whether this

9    word is really defined.  You know, we all on the

10   same page as to what it really means.

11           Okay.  Another thing that was used against

12   the defendant in a way that Mr. Assi did not give

13   assurances that Hizballah would not use the

14   equipment for other purposes.

15           That was a rhetorical question when I was

16   asked, because the government should have known that

17   there's no assurances whatsoever.

18           So for it to be used against me in a way

19   I -- I just found that to be --

20           THE COURT:  Mr. Assi, we're now

21   re-litigating, again, the issues that were

22   extensively litigated before this Court as part of

23   the hearing on the applicability of guideline 3A1.4.

24   And the Court has addressed all of that in its

25   October 17th opinion.  And this is not really an

Sentence Hearing

1  issue of the Presentence Report.

2          I want to you address the Presentence

3  Report issues.  You've made a complete and a full

4  record on the issues of -- you and Mr. Thomas have

5  very effectively made a complete and a full record

6  on the issue of the applicability of 3A1.4, as I've

7  indicated in the beginning of this proceeding.

8  You've preserved that issue for appeal.

9          I know you disagree with my opinion and

10  you'll have an opportunity to have at least three

11  other judges look at it.  But this isn't the

12  opportunity to relitigate those issues.  Okay?

13          THE DEFENDANT:  That's it for now.

14          MR. THOMAS:  Well, judge, he wants to

15  raise an issue as it relates to the constitutional

16  issues of the constitutionality of 18 USC Section

17  2239B.

18          We have filed our motion once, there have

19  been several successive supplemental motions to

20  that.  He's asked me whether or not he could be able

21  to argue on that.

22          My understanding is, A, we've litigated

23  it.

24          B, not only by motion, but supplemental

25  motions.

Sentence Hearing

1    Then when the Court did rule, there was

2    further pleadings after that.  We're going to rely

3    on all of those to say that the issue's been raised.

4        THE COURT:  The issue has been

5    exhaustively briefed not only by Mr. Assi's counsel,

6    but Mr. Assi himself.

7        And the Court dealt with these issues on a

8    number of occasions probably most comprehensively in

9    its August 9, 2007 opinion.

10        All I can say is those issues were before

11   the Court, the Court considered the government's

12   position, the Court considered Mr. Assi's position

13   and the Court decided it.

14        THE DEFENDANT:  Just this particular

15   issue, Your Honor, is not -- was not addressed and

16   new facts came to light and I would like to address

17   those issues to the Court.

18        THE COURT:  Mr. Assi --

19        THE DEFENDANT:  There's a constitutional

20   issue, Your Honor.

21        THE COURT:  Mr. Assi, I'm not going to

22   hear legal argument.  The time for all legal

23   arguments is over with the exception of any issues

24   that you have with the Presentence Report.

25        I'm not going to relitigate the

Sentence Hearing

1   applicability of the guideline, I'm not going to

2   relitigate the constitutionality of the guideline or

3   the statute.

4           I'm not going to relitigate the

5   constitutionality of the applicability of the

6   guideline.  All of these issues have been exhausted.

7           THE DEFENDANT:  Even if new facts came to

8   light and there is an issue, the Court is not

9   willing to hear that?

10          THE COURT:  We're not going to do that

11  here.

12          If you believe there is no evidence, no

13  facts, there is a legal vehicle by which to bring

14  that to the Court.  But -- and there are legal

15  standards that apply to the presentation of new

16  evidence or new facts and the time to do that is not

17  at sentencing.

18          All right.  I've not yet had an

19  opportunity to hear from the government with respect

20  to the Presentence Report.

21          Mr. Cares, on behalf of the government.

22          MR. CARES:  The government has no

23  objection to the Presentence Report.

24          THE COURT:  All right.

25          Mr. Thomas, do you wish to allocute on

Usa v Assi 98-80695

Sentence Hearing

1   behalf of Mr. Assi any other issues before I hear

2   from Mr. Assi?  Do you wish to allocute on behalf of

3   Mr. Assi?

4           As I indicated, you filed a Sentencing

5   Memorandum and Supplemental Sentencing Memorandum

6   which included 12 or 13 letters on behalf of Mr.

7   Assi.  I've read all of those.  I appreciate having

8   them, it gives me a fuller picture of Mr. Assi I

9   think.

10          And do you wish to present any allocution

11  on his behalf?

12          MR. THOMAS:  Judge, the Presentence Report

13  that was crafted in this case was very specifically

14  detailed as to the defendant's family status.

15          The Court would have to be blind not to

16  see the number of people who are here in court

17  today, who have been here at every proceeding along

18  the way.

19          I think that the family support that he

20  has is commendable, and that his brother, Sami,

21  standing by him in the face of these terrible

22  charges and Sami is here today is heroic.

23          I have great respect for his family.  They

24  have been very supportive of me I want to say that

25  on the record, I appreciate that.

Sentence Hearing

1          The Court is aware that Mr. Assi's father

2     passed way last week.  There was some question as to

3     whether or not he was going to be able to travel to

4     visit his father as he was lying at rest, but that

5     was waived by the client not being able to do that

6     under his own power.

7          Mr. Assi voluntarily came back to this

8     country.  He has been incarcerated since 2004.

9          His incarceration has been difficult in

10    that in the face of having all these written

11    materials that he submitted to the Court, he has

12    his, his review materials and his research

13    materials.

14         In transporting him back and forth to the

15    court, there has been times he's not been able to go

16    back to Milan and the convenience of Milan.

17         The Court is very well of the

18    circumstances of incarceration of people at The

19    Wayne County Jail.  It has not been an easy

20    procedure to go this far for so long to be in

21    detention status.

22         If he had been incarcerated in a prison,

23    it certainly would have been much more difficult.

24         His family circumstances, his family

25    support, the travail of being incarcerated in

Sentence Hearing

1   anticipation of a trial, then waiting for the
2   guideline issues to be resolved and now sentencing,
3   these are all things that I think you can take into
4   consideration at sentencing.
5           Now after case laws involving *Booker*, we
6   have capped our sentence at ten years.  That doesn't
7   mean you have to give him ten years.
8           He's been from 2004-2008 incarcerated,
9   that's a significant amount of time.
10          THE COURT:  I want to confirm.
11          I think he has been detained since May of
12   2004; is that right?
13          MR. THOMAS:  May 15th.
14          PROBATION OFFICER:  May 18, 2004.
15          MR. THOMAS:  So I know you've read the
16   letters, very well intended letters.  They talk
17   about him in a different context and the allegations
18   that this Court has seen by the government's proofs.
19          His wife is still struggling medically,
20   his mother is still struggling medically.
21          He is in many ways even incarcerated, he's
22   the leader of his family.
23          Although I don't want to take away from
24   the strength of Sami, Sami Assi who has been in my
25   view my right, left and whatever other hands that I

Sentence Hearing

1  might have.

2        So I think that this Court can take a look

3  at the 3553 factors in the context of what was and

4  is in the Presentence Report and in the letters and

5  sentence Mr. Assi to a sentence that is no more than

6  what is necessary in order to satisfy the ends of

7  the statute and the case law that I've mentioned.

8        So I ask the Court's leniency as it

9  relates to Mr. Assi.  He has been tenacious, he has

10  been resilient and many times he's been difficult,

11  but he is entitled to do that charged as he is.

12        THE COURT:  As I think you know, Mr.

13  Thomas, I never in any way punish any defendant,

14  certainly not Mr. Assi, for vigorously defending

15  himself or herself in bringing every issue possible

16  before the Court.  And I certainly don't intend to

17  do that with Mr. Assi as a defendant charged here

18  with an extremely serious crime.  I think that's his

19  right to do that.

20        And I don't want that to become confused

21  with the many occasions on which I've tried to

22  advise Mr. Assi he should not communicate directly

23  with the Court.  That's a different issue.

24        MR. THOMAS:  He's brilliant, as bright as

25  any man I've ever encountered as a defendant.

Sentence Hearing

1           He has the capacity for great warmth.  And

2      while he may be intense, he does have that side

3      which you haven't had a chance to see, but I have.

4           THE COURT:  I've gotten, I've gotten some

5      sense of that from the letters that you've provided

6      to me and you have provided for me.

7           MR. THOMAS:  Other than that, judge, I've

8      nothing further.

9           THE COURT:  All right.

10          Mr. Cares, before I hear from Mr. Assi, do

11     you have anything --

12          MR. CARES:  Just briefly.

13          THE COURT:  -- in allocution on behalf of

14     the government?

15          MR. CARES:  If I may, Your Honor, just

16     briefly.

17          As the Court has stated, there's been

18     extensive litigation.  I don't think there's

19     anything I could say to the Court that the Court

20     doesn't already know or isn't aware of.  I would

21     briefly like to point out a couple things if I may.

22          There was an extensive evidentiary hearing

23     in this case.  The Court was presented with the

24     testimony of several witnesses as well as many

25     exhibits.

Sentence Hearing

1          I suspect that from comments made today by

2    Mr. Assi and on other occasions, he may attempt to

3    minimize what he had done.

4          For example, he used the word

5    "Resistance".  That's all he said.

6          I would just point out to the Court at the

7    time of Mr. Assi's pleading guilty and I'm going to

8    quote from page 38 of that transcript.

9          The Court asked him, quote:

10      Did you know at the time what you were doing

11      was illegal?

12         The defendant said and I quote:

13      I know I was sending these items to Hizballah.

14         He didn't use the word Resistance.  He

15   used the word Hizballah.

16         As the Court is aware Special Agent

17   Testani interviewed the defendant twice in 1998.

18         Joseph Testani was cross examined very

19   vigorously.  He testified in those interviews the

20   defendant admitted to him that he was meeting with

21   representatives, high level representatives of

22   Hizballah and these high tech materials were going

23   to Hizballah.

24         As the Court has stated, it's a serious

25   offense.  The guideline range is 235 to 293 months.

Sentence Hearing

1            Because of the plea agreement, the

2     statutory cap is ten years, which is about half of

3     the lower point of the guidelines.

4            In light of the seriousness of the

5     offense, in light of the fact that the defendant had

6     done this on multiple occasions, it's the

7     government's position that the Court should impose a

8     sentence of the maximum of ten years, maximum

9     sentence permitted under the statute.

10           Thank you, Your Honor.

11           THE COURT:  Thank you.

12           Mr. Assi, do you wish to address the Court

13    in terms of allocution?

14           THE DEFENDANT:  Good afternoon.

15           THE COURT:  Good afternoon, sir.

16           THE DEFENDANT:  Okay.  Just to respond to

17    Mr. Cares.

18           I may have said that I intended to send

19    the items to Hizballah, but at the time I didn't

20    know Hizballah was a designated terrorist

21    organization.  I didn't know it was illegal to send

22    any items to Hizballah.

23           But the intent was to support The

24    Resistance, not Hizballah.

25           I'm not aware of a new version of the PSI

Usa v Assi 98-80695

Sentence Hearing

1   Report because --

2         THE COURT:  The substance is the same.

3         THE DEFENDANT:  If they're any changes, I

4   would like to know.  But --

5         THE COURT:  If you like, Mr. Assi, I can

6   provide you or Mr. Hampstead will provide you with

7   exactly the same copy.  It's substantively the same.

8         THE DEFENDANT:  In 1998, the defendant was

9   charged in a four count indictment.  The relevant

10  part of the indictment provides the following:

11        Count One Title 18 of the U.S. Code

12  Section 2339B material support to a Designated

13  Foreign Terrorist Organization.

14        At the time of the indictment in 1998, the

15  statute read as follows:

16      Whoever within the United States or subject to

17      the United States jurisdiction, knowingly

18      provides material support or resources to

19      foreign terrorist organization or attempts or

20      conspires to do so, shall be fined under this

21      type or imprisoned not more than ten years or

22      both.

23      In the year 2004, to remove any possible

24      ambiguity, the United States Senate Committee

25      amended the statute to clarify the ambiguity.

Sentence Hearing

1          The amended version of the statute added

2     this amendment:

3          That to violate this paragraph, the person must

4          have knowledge that the organization is a

5          Designated Foreign Terrorist Organization or

6          that he has or The Organization has engaged or

7          engages in terrorist activities or that The

8          Organization has engaged or engages in

9          terrorism.

10          The defendant finds the statute

11     unconstitutional in its current form because it

12     violates the Fifth Amendment due process

13     requirement.

14          THE COURT:  Mr. Assi, I don't mean to

15     interrupt you unduly, but if –– I've told you I'm

16     not going to hear legal argument.

17          THE DEFENDANT:  I'm not talking legally,

18     I'm just –– my opinion.  I think my rights

19     constitutional rights provided and I have all the

20     right to present that to the Court.

21          THE COURT:  You've presented that.

22          THE DEFENDANT:  I did not present this

23     particular issue, Your Honor.

24          THE COURT:  Mr. Assi, if all you're going

25     to do is making legal arguments during this time for

Sentence Hearing

1    allocution --

2              THE DEFENDANT:  I'm not making legal

3    arguments.

4              THE COURT:  In terms of sentence, I'll

5    give you five minutes to do that, but I'm not going

6    to listen to anymore.  This has been litigated.

7              THE DEFENDANT:  This is the substance of

8    this whole case, Your Honor.

9              I mean, if you want to give me some time

10   to defend myself, this is the time, this is the

11   substance.

12             THE COURT:  Mr. Assi, the time for legal

13   arguments is over.

14             This is the time, this is the time for

15   sentencing, sir.

16             THE DEFENDANT:  I'm going to talk about

17   all of this.

18             THE COURT:  Mr. Assi, I will give you five

19   minutes to say whatever you want to say, but

20   that's -- if you're going to simply make legal

21   arguments about the constitutionality of the statute

22   about the constitutionality of the guidelines, the

23   applicability of the guidelines, we've been all

24   through that exhaustively.

25             THE DEFENDANT:  I did not present this

Usa v Assi 98-80695

Sentence Hearing

1  issue, Your Honor.

2  THE COURT:  Go ahead.  You have five

3  minutes, sir.

4  THE DEFENDANT:  In essence, this section

5  of 2339B states there -- in essence it states:

6  There's no need -- A, there's no need for the

7  defendant to know what he was doing was

8  illegal.

9  B, there's no need for the defendant to know

10  the organization he provided material support

11  was a Designated Foreign Terrorist

12  Organization.

13  C, the government could convict on the shear

14  knowledge of the terrorist activities or

15  terrorism of the Designated Foreign Terrorist

16  Organization as alleged by the government and

17  as was the argument in this case.

18  In this case, finding the defendant guilty

19  based on knowledge of government allegations

20  because the defendant read about these

21  allegations in the newspapers or magazines or

22  heard about them on radio or t.v. is volitive

23  of Fifth Amendment due process requirement of

24  fair notice.

25  Government's allegation cannot logically be

Usa v Assi 98-80695

Sentence Hearing

1          fair warning guaranteed by Constitution.

2          Logically and legally, criminal liability may

3          be imposed for violating penal laws not

4          government allegations.

5                Are government allegations sufficient to

6      establish what the law intends or what the law

7      prohibits?

8                Are government allegations sufficient to

9      provide the fair warning guaranteed by the

10     Constitution?

11               In this case, the defendant did not know

12     what he was doing was illegal and did not know that

13     Hizballah was designated by the State Department as

14     a terrorist organization.

15               Had the defendant sent these items to any

16     other group other than Hizballah, everything would

17     have been okay.

18               The defendant's due process rights were

19     violated when he was subject to criminal liabilities

20     under this statute based on the shear number of

21     government allegations of terrorist activities of

22     Hizballah.

23               The defendant intended to support a

24     legitimate resistance acting in self defense where

25     such conduct is not forbidden or prohibitive, but

Sentence Hearing

1    rather legitimate and innocent.

2            On November 29, 2007, the defendant

3    entered a plea of guilty to Count One of the

4    August 4, 1998 indictment.

5            The defendant was charged with intending

6    to provide support to a terrorist organization.

7            The defendant's sentencing range was to be

8    determined by the Court's ruling on the

9    applicability of the enhancement.

10           The sentencing enhancement, the U.S.S. --

11   U.S. Sentencing Guidelines calls for a sentencing

12   enhancement if the offense as a felony that involved

13   or was intended to promote a federal crime of

14   terrorism.

15           In the same thought, I believe my

16   constitutional rights were violated under Title 18

17   of United States Code Section 2332(b)(g)(5).

18           THE COURT:  Mr. Assi, you have one minute

19   remaining.  If you wish to address the Court on any

20   sentencing factor that you want me to consider, I'd

21   be happy to hear that.

22           If you want to use your remaining minute

23   to continue to make legal arguments, you're free to

24   do that as well.

25           THE DEFENDANT:  Well, the statute did not

Sentence Hearing

1   put the defendant on notice that supporting a

2   legitimate resistance is illegal or the resistance

3   against a government who was in violation of the

4   international laws for over 20 years was also

5   illegal.

6          The federal crime of terrorism defines

7   terrorism as an offense which is obviously an act in

8   violation of criminal laws that is calculated to

9   influence or affect government by intimidation of

10  origin.

11         And the government, in this context,

12  cannot in any way logically mean the government was

13  in violation of international laws for over 20

14  years.

15         THE COURT:  All right.  Mr. Assi, your

16  time has expired.

17         THE DEFENDANT:  I'm done with this.  I

18  just have some other issues.

19         THE COURT:  One more minute, sir.  Your

20  time has expired.  You spent your time making

21  largely legal argument issues the Court has long ago

22  addressed and resolved.

23         I was hoping to hear other things from

24  you.

25         THE DEFENDANT:  Well, the issue here is

Sentence Hearing

1   the statute did not put the defendant on notice that

2   providing material support to a legitimate

3   resistance against the government was in violation

4   of international laws for over 20 years is illegal

5   and this is a violation of the Defendant's Fifth

6   Amendment due process right for fair notice.

7           So I don't know what is more important

8   then this, Your Honor.

9           THE COURT:  If that's what you want me to

10  consider.

11          THE DEFENDANT:  This is in my own defense.

12  This is what I have to bring up.  I'm defending

13  myself, Your Honor.

14          THE COURT:  Thank you, Mr. Assi.

15  Appreciate your thoughts.  I'm ready.

16          THE DEFENDANT:  I would like to add just

17  one more thing before I --

18          THE COURT:  If this is another legal

19  argument, Mr. Assi, I'm not going to hear it. I'm

20  sorry.

21          THE DEFENDANT:  Well, I know the Court

22  knows the circumstances of the defendant's family,

23  the his wife is a depressed schizophrenic.

24          The son was into drugs for the last two or

25  three years and is struggling with that.

Sentence Hearing

1          THE COURT:  I saw that.

2          THE DEFENDANT:  His family circumstances

3    as far as his mother and helping his children to go

4    through college and be some use to them because

5    they're struggling to make ends meet.

6              And, also, the defendant pleads to this

7    Court to give him time served and give him the

8    opportunity to go out in the world and be productive

9    again as he was all along.

10             That's about what I have to say, Your

11   Honor.  I'm sorry that I've done something illegal

12   as far as exporting some items I wasn't supposed to

13   export.  I do not intend to do any harm.  And my

14   intentions were with -- I intended.  I'm sorry I

15   found myself in this predicament.

16             And it's very ironic that the government

17   who is engaged in two wars acting in self defense

18   pursues a terrorism enhancement which is the worst

19   that can be in this legal system, against a

20   defendant who intended to support a legitimate act

21   in self defense.

22             THE COURT:  Thank you.

23             THE DEFENDANT:  Thank you.

24             THE COURT:  You can stay at the podium,

25   sir.  If you wish, you can stay at the podium.

Usa v Assi 98-80695

Sentence Hearing

1          All right, Mr. Assi, this has been a very

2    lengthy proceeding going back to the initial

3    indictment in 1998 when you then went to Lebanon for

4    a period of about six years.

5          You came back -- as Mr. Thomas indicated,

6    you came back on your own volition and you faced the

7    charges.  You've been incarcerated since that time.

8          In fashioning a sentence, as I always do,

9    I have attempted to look not simply at the charges,

10   the seriousness of the charges which are very

11   serious, I'm not sure that even today as you stand

12   here before me for sentencing, you recognize the

13   seriousness of the charges.  But these are serious

14   charges and the world that we live in today these

15   are very serious charges.

16         You were found at the airport back in 1998

17   with two local positioning satellite modules in your

18   luggage.

19         Additional luggage revealed you had some

20   seven pairs of very advanced night vision goggles

21   and thermal imaging scope.  These are not -- this is

22   not equipment designed for benign uses.

23         For an American citizen as you were to

24   travel to Lebanon for whatever your reasons, however

25   deeply felt they were, to help advance the cause of

Sentence Hearing

 1   Hizballah.

 2               THE DEFENDANT:  It was the cause of the

 3   people of Lebanon, Your Honor.

 4               THE COURT:  For whatever reason it was,

 5   was a serious matter.

 6               I would view it equally serious, equally

 7   serious, if a defendant were attempting to illegally

 8   advance the cause of any organization --

 9               THE DEFENDANT:  Illegally.

10               THE COURT:  -- illegally, I would view it

11   with equal seriousness.

12               The situation, obviously in the Middle

13   East, is a powder keg and the people there on all

14   sides, including Israel and its neighbors, do not

15   need any assistance in igniting that powder keg from

16   American citizens.  In a nongovernmental, in a

17   nongovernmental role, you took it on yourself to do

18   this.

19               THE DEFENDANT:  I took it upon myself to

20   help people who are under occupation.

21               THE COURT:  Mr. Assi, I've been very

22   patient with you.  I've heard from you.  This is my

23   opportunity to address you.  I know how you feel.

24   You've written me many, many letters about this.

25               I don't question the depth of your

Sentence Hearing

1  feeling.  I do believe in doing what you did, you

2  were misguided in enhancing or attempting to

3  enhance, anyway, what is already a very precarious

4  and dangerous situation in the Middle East.

5         THE DEFENDANT:  It was --

6         THE COURT:  Mr. Assi, please.

7         THE DEFENDANT:  I'm sorry.

8         THE COURT:  I've listened to you very

9  patiently.

10        THE DEFENDANT:  I'm sorry.

11        THE COURT:  These are extremely serious

12 activities and the government cannot simply, the

13 American government cannot simply allow its citizens

14 to be freelance suppliers without -- in violation of

15 statutes of these kinds of activities.

16        So I have set forth in numerous opinions

17 the legal reasoning why I believe these statutes are

18 not unconstitutional.

19        And I set forth in an exhaustive opinion

20 just two months ago, my view on -- after listening

21 to the evidence, my view on the applicability of the

22 guideline range.  But that's not what we're here for

23 today.

24        What we're here for today is sentencing.

25 And as I always do at sentence, I try to look at

Sentence Hearing

1   everything about the defendant, the good things and
2   not so good things.
3          I try to have some understanding of the
4   defendant's total life.  I have to then balance that
5   against the seriousness of the criminal activities
6   involved and the ramifications or potential
7   ramifications of those activities.  So that's what I
8   always try to do.
9          In that context, your -- letters from your
10  many family members and friends of longstanding is
11  very helpful in understanding you.
12         THE DEFENDANT:  Thanks.
13         THE COURT:  I was particularly struck by
14  the letter I received from your eldest son, I
15  believe Abrahim.  He's obviously a young man of
16  great intellect and ambition.  And I wish him --
17  indeed, I wish your entire family all the best.
18         THE DEFENDANT:  Thanks.
19         THE COURT:  He said a number of things in
20  the letter about you that really struck me.  And as
21  a person, as a father, that should give you some
22  solace for the impact that you've had on his life,
23  as well as, I assume, on your other two children.
24         It's a very, it's a very moving letter.
25  And as I said, I conducted a sentencing hearing

Sentence Hearing

 1   before you came up to another gentleman here.

 2           And as I said to some measure for you as

 3   is true of all of us, our children are the measure

 4   of our lives as much as anything else we do here.

 5   For that, I'm sure you can take some solace.

 6           THE DEFENDANT:  Thank you.

 7           THE COURT:  And I balance the picture that

 8   I get of you here in these letters against the

 9   activities that you were engaged in.

10           I think that your depth of feeling for

11   what you characterize as the resistance and some of

12   the political considerations that you've spelled out

13   over came your judgment.

14           Until you became involved in these

15   activities, you were very much living a life of the

16   American dream.

17           You came here as an immigrant with very

18   little, you educated yourself, went to a number of

19   different schools culminating with a master's degree

20   from Wayne State University.

21           You then began a career that was

22   successful.  You had a responsible job with Ford

23   Motor Company.  And from everything that I can see,

24   you were doing well.

25           At some point, you allowed the depth of

Sentence Hearing

1   your feeling for what was happening in your homeland

2   to overcome your judgment.  And to -- this compelled

3   you to embark upon activities that bring you before

4   the Court today.

5              These were serious misjudgments.  I'm not

6   sure even today you understand them, but they were

7   serious misjudgments.

8              They're misjudgments that have taken you

9   away from your career, from your larger community,

10  and, unfortunately as well, from your family.

11             I only hope that when you complete your

12  sentence and you return to your community and to

13  your family, I hope you'll go back to the man you

14  were, the man that the people in these letters, the

15  person that people tell me about in their letters

16  and not become so imbittered and embroiled in all of

17  these other issues you have on your mind that you're

18  going to exercise more misjudgment and be returned,

19  again, either to this court or some other court.

20             My strongest advice I can give you, sir,

21  at this time, this will be probably the last time

22  you and I have an opportunity to talk, is to

23  complete your sentence, don't allow yourself to

24  become imbittered and embroiled in continuing

25  enmeshed in all of these issues that are playing out

Sentence Hearing

```
 1   in the world political scene, geo-political scene
 2   and do what's important to you, which is to return
 3   to your family and return to your community.
 4           The sentence I'm going to impose will
 5   allow you to do that.  You'll have a chance to
 6   rejoin your community, to rejoin your family and to
 7   pick up again.
 8           I hope you'll do that, sir, and not
 9   continue to be involved in these kind of activities
10   that you feel so strongly about.  That's the best
11   advice I can give you.
12           THE DEFENDANT:  Thank you.
13           THE COURT:  In the matter of the United
14   States of America versus Fawzi Mustapha Assi,
15   criminal docket 98-80695, the Court begins by
16   indicating that it will accept the plea agreement
17   that the parties have arrived at and will sentence
18   the defendant under the plea agreement.
19           As the Court has already indicated but
20   wants to indicate in the context of sentencing,
21   among the many considerations that the Court has
22   looked at in arriving at an appropriate sentence is
23   the fact that this plea agreement puts a ceiling or
24   cap on a sentence for Mr. Assi of ten years.  That's
25   an agreement that he and his lawyer entered into
```

Sentence Hearing

1    with the government.  By accepting the plea

2    agreement, I find that to be an appropriate

3    limitation on sentence.

4            But it should not go without notice that

5    had Mr. Assi not accepted this plea agreement and

6    had he gone to trial and been convicted, he was

7    facing a sentence of at least twice as long and

8    perhaps longer.

9            So I, in imposing sentence, I consider

10   that as well as all of the other items that Mr. Assi

11   and I have talked about, as well as the sentencing

12   guideline factors and the factors included in the

13   sentencing statute.

14           With respect to Count One of the First

15   Superseding Indictment, it is the judgment of this

16   Court after considering the sentencing guidelines

17   and the factors in those guidelines and the factors

18   in the sentencing statute and the factors that I've

19   discussed here on the record with Mr. Assi, it is

20   the judgment of this Court that the defendant be

21   committed to the custody of the Bureau of Prisons

22   for a period of 120 months.

23           The Court recommends to the Bureau of

24   Prisons that Mr. Assi be given credit for time

25   served.

Sentence Hearing

1           I am going to waive any imposition of a

2   fine or costs of incarceration or costs of

3   supervision due to the Court's finding that the

4   defendant lacks the resources to satisfy such

5   assessments and the Court's belief that any

6   resources that the defendant and his family does

7   have will be better spent supporting the family

8   during Mr. Assi's period of incarceration.

9           The law does, however, require a special

10  assessment of $100 for each count of conviction;

11  that is due and payable immediately.

12          Upon his release from imprisonment, he

13  will be placed on a term of supervised release for a

14  period of two years.

15          I am imposing the mandatory drug testing

16  conditions after reviewing the substance abuse

17  provisions in the Presentence Report.

18          While the defendant is on supervision, he

19  will abide by all of the standard conditions of

20  supervised release which have been adopted by this

21  Court as well as the following special conditions.

22          Due to the defendant's history of

23  substance abuse, he will participate in a program

24  approved by his probation officer for substance

25  abuse which may include testing to determine if he

Sentence Hearing

1   has reverted to the use of drugs or alcohol.  I'll

2   leave that to his probation officer's discretion.

3            Due to the nature of the offense, the

4   Court imposes the following special financial

5   conditions.

6            The defendant will not incur any new

7   credit charges or any open any additional lines of

8   credit without the approval his probation officer.

9            He will provide his probation officer with

10  access to any requested financial information.

11           If the defendant should be found to be

12  deportable, he will not reenter the United States

13  without the permission of the authorizing government

14  agency and the Court.

15           MR. THOMAS:  He is a citizen, judge.

16           THE COURT:  I understand that.  I don't

17  think that he would be deported, he is a citizen.  I

18  think I'm required to include that.  I don't

19  anticipate he would be deported.

20           If he were to be deported, his supervised

21  release period would then be unsupervised.

22           Mr. Assi, as we have discussed already,

23  because I have now accepted the plea agreement and

24  under the plea agreement as I construe it, you have

25  agreed to waive any of your rights of appeal

Sentence Hearing

1   concerning either your conviction or your sentence,

2   with the exception of the Court's decision on the

3   applicability of the terrorism enhancement under the

4   guideline 3A1.4.

5            As I indicated earlier, there was I think

6   some question about that after, within the four

7   corners of the plea agreement.

8            However, I reviewed the transcript from

9   the plea hearing and it's clear to me that it was

10  your intention in entering into the plea agreement,

11  you preserve your right to appeal the Court's

12  decision on that one issue and I will ensure you

13  have that right.

14           MR. THOMAS:  Judge, could you recommend

15  the drug program for him since there is this

16  history?

17           THE COURT:  I'll recommend the Intensive

18  Drug Treatment Program.

19           MR. THOMAS:  Also, if you could, I know

20  we --

21           THE COURT:  During his period of

22  incarceration --

23           MR. THOMAS:  I don't know if there is one

24  at Milan.  He wants to be close to his family.

25           THE COURT:  I'll recommend Milan as his

Sentence Hearing

1  designated facility.

2         THE DEFENDANT:  Thanks.

3         THE COURT:  That would facilitate

4  visitation with your family.  Mr. Assi, I'll

5  recommend that.

6         At any rate with respect to all other

7  issues, you have waived your right of appeal of

8  either your conviction or your sentence.

9         Anything else concerning sentence or any

10  other matter from the government?

11         MR. CARES:  The government moves to

12  dismiss the remaining counts.

13         THE COURT:  Provide me with a stipulated

14  order.

15         MR. THOMAS:  He has mentioned to me The

16  Life Connection Program at Milan.

17         THE COURT:  Michigan program?  I'm sorry?

18         MR. THOMAS:  Life Connection.  It's

19  supposed to be a new program there.  Apparently,

20  he's aware of it and wants to --

21         THE COURT:  I'm not familiar with it.

22  What is it?

23         Do you know what it is, Mr. Assi?

24         THE DEFENDANT:  It has something to do

25  with religion and beliefs.

Sentence Hearing

1          THE COURT:  If it's something to do, I'll

2    recommend it.  You understand all these

3    recommendations are simply that.  It's up to the

4    Bureau of Prisons.

5          THE DEFENDANT:  Yeah.  I'm afraid that

6    because of this, the nature of this charge and the

7    criminal history and I don't know if you want to

8    reflect it on the record or not, criminal history

9    does make a big difference as to --

10         THE COURT:  Well your --

11         THE DEFENDANT:  -- my designation as to

12    what --

13         THE COURT:  You're a category one, sir,

14    which is a low category of criminal history.

15         THE DEFENDANT:  Thank you.

16         THE COURT:  So I'll recommend that you

17    participate in these programs.

18         THE DEFENDANT:  Thanks a lot.

19         THE COURT:  You'll be able to participate

20    in them.  I think it would be helpful for you to

21    participate in the Intensitive Drug Treatment

22    Program.  The therapy provided in those programs can

23    be helpful on many levels.

24         Anything else, Mr. Thomas?

25         MR. THOMAS:  Well, judge, he does have the

Sentence Hearing

1   right to appeal.

2            We have had, obviously, a lot of

3   litigation relating to the issue on appeal the

4   defendant has asked to supplement and sometimes

5   represent himself.

6            THE COURT:  I was going to advise him of

7   his rights with that.

8            MR. THOMAS:  Reflecting on that, I'd

9   ask -- at this point, I think it probably

10  appropriate to appoint someone to represent him on

11  appeal as opposed to myself.

12           THE COURT:  Let me advise him of what his

13  rights are.

14           Mr. Assi, I've told you what your right of

15  appeal that remains is with respect to the

16  applicability of the terrorism enhancement.

17           If you wish to appeal, you have ten days

18  from the entry of the judgment of conviction to

19  appeal.

20           If you want to represent yourself on

21  appeal, you are entitled to do that.  As I have

22  through the course of this litigation, I advised you

23  that I think that would be a very bad idea to do.

24           I think it's helpful, an appellate lawyer

25  would be beneficial for you.

Sentence Hearing

1              I advise you not to try to represent

2      yourself on appeal.  If you wish to appeal, I will

3      be happy to appoint appellate counsel for you.

4              MR. THOMAS:  I'll see to it the notice is

5      filed.  I want to make sure that is done within the

6      ten day period.

7              THE COURT:  Mr. Thomas here has indicated

8      he believes it would be in your best interest to

9      have a different lawyer represent you on appeal.

10             THE DEFENDANT:  He's a very busy man.

11             MR. THOMAS:  But you like me, right?

12             THE DEFENDANT:  Sure, I like him.

13             THE COURT:  But if you want another, a

14     different lawyer, I'll be happy to appoint a lawyer

15     who specializes in appellate issues.

16             THE DEFENDANT:  Yes, Your Honor.  I do

17     need an attorney.

18             THE COURT:  We will do that.

19             Anything further?

20             MR. THOMAS:  No, thank you, judge.

21             THE DEFENDANT:  Just would like to thank

22     you for your patience and for your humorous advices.

23     And I'm sorry for any trouble I've made or caused.

24             THE COURT:  You've not caused me any

25     trouble, Mr. Assi.  You've done what defendants

Sentence Hearing

1  often do, which is vigorously try to ensure all your

2  rights are protected.

3          THE DEFENDANT:  Thank you, Your Honor.

4

5          (This hearing concluded at 1:25 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
2
3                    CERTIFICATE OF COURT REPORTER
4
5
6
7      I certify that the foregoing is a correct
8   transcript from reported proceedings in the
9   above-entitled matter.
10
11
12
13   s/Carol S. Sapala, FCRR, RMR     Feb. 11, 2009
14
15
16
17
18
19
20
21
22
23
24
25