UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                          Case No. 98-80695
v.                                          Hon. Gerald E. Rosen

FAWZI MUSTAPHA ASSI,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR RELEASE OF TRANSCRIPT**

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         October 8, 2009        

     PRESENT:  Honorable Gerald E. Rosen
                           Chief Judge, United States District Court

On April 6, 2005, the Court held an *ex parte, in camera* hearing on Defendant's motion to suppress the evidence derived from surveillance and searches of Defendant and his property that had been authorized by the Foreign Intelligence Surveillance Court ("FISC") under the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1801 *et seq.* This proceeding was conducted pursuant to 50 U.S.C. § 1806(f), which mandates *in camera* and *ex parte* judicial review when "the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States." After careful and thorough review of the materials submitted by the Government, and after discussion on the record with counsel for the Government (during

which significant reference was made to the underlying materials), the Court determined at the conclusion of the April 6, 2005 hearing (i) that the FISA surveillance and searches were "lawfully authorized and conducted," 50 U.S.C. § 1806(f)-(g), and (ii) that disclosure to Defendant and/or his counsel of the application and other materials relating to the FISA surveillance and searches was not "necessary to make an accurate determination of the legality of the surveillance," 50 U.S.C. § 1806(f).

Through the present motion filed on July 14, 2009, Defendant's appellate counsel has requested that the transcript of the April 6, 2005 hearing be made available for counsel's review in connection with Defendant's pending appeal. As explained, the Court determined at the time of this hearing that disclosure to Defendant's trial counsel was neither necessary nor appropriate.[1] Although the Court is permitted to revisit this decision "to the extent that due process requires discovery or disclosure," 50 U.S.C. § 1806(g), Defendant's appellate counsel has failed to identify any changed conditions or new developments that might warrant disclosure to appellate counsel of materials that trial counsel was not permitted to review. To the contrary, subsequent developments have rendered disclosure to appellate counsel *less* necessary and appropriate, where (i) the Government never had any occasion in the proceedings before this Court to introduce any evidence obtained in the FISA surveillance and searches, and (ii) more importantly, Defendant entered a guilty plea under an agreement in which he waived his right to

---

[1] As noted in the Government's response to Defendant's motion, the Court later reaffirmed this conclusion at a March 9, 2006 hearing.

appeal all issues except this Court's decision to apply the U.S.S.G. § 3A1.4 sentencing enhancement.

Given the narrow scope of Defendant's appeal, the Court finds that the national security interests that dictated an *ex parte, in camera* proceeding back in April of 2005 continue to outweigh defense counsel's need to review the transcript of the April 6, 2005 hearing, particularly where disclosure of this transcript would reveal precisely the information that the Attorney General identified as entitled to protection to avoid "harm to the national security of the United States." 50 U.S.C. § 1806(f). The Court found back in April of 2005 that this concern was sufficiently justified to warrant an *ex parte, in camera* proceeding, and it finds no basis for concluding that this concern has sufficiently abated with the passage of time to warrant disclosure of the transcript to appellate counsel.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for release of the April 6, 2005 transcript to appellate counsel (docket #166) is DENIED.

Dated: October 8, 2009         s/Gerald E. Rosen
                               Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 8, 2009, by electronic and/or ordinary mail.

                    s/Ruth Brissaud
                    Case Manager